[Cite as *Matrix Acquisitions, L.L.C. v. Pryor*, 2011-Ohio-6470.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MATRIX ACQUISITIONS, LLC | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| RICKY E. PRYOR | : | Case No. 11-CA-7 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                          Pleas, Case No. 2010CV00101


JUDGMENT:                                       Affirmed


DATE OF JUDGMENT:                        December 8, 2011


APPEARANCES:

For Plaintiff-Appellant                          For Defendant-Appellee

PARRI J. HOCKENBERRY                    DEBORAH L. MACK
471 East Broad Street                          P.O. Box 486
12 Floor                                              Mansfield, OH  44901
Columbus, OH  43215

*Farmer, J.*

{¶1}   On February 18, 2010, appellant, Matrix Acquisitions, LLC, filed a complaint against appellee, Ricky Pryor, for money due and owing on a credit card.  On June 28, 2010, appellant filed a motion for default judgment due to appellee's failure to answer or otherwise defend the complaint.

{¶2}   On August 9, 2010, both parties participated in court-referred mediation which was unsuccessful.  Thereafter, appellee failed to respond to discovery requests. On October 14, 2010, appellant filed a supplemental memorandum in support of its pending motion for default judgment.  By journal entry filed October 27, 2010, the trial court granted the motion and entered judgment in favor of appellant as against appellee in the amount of $9,380.00 plus interest and costs.

{¶3}   On November 18, 2010, appellee filed a motion to set aside the October 27, 2010 judgment due to excusable neglect under Civ.R. 60(B)(1).  A hearing was held on January 14, 2011.  By journal entry filed May 13, 2011, the trial court granted the motion.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING THAT DEFENDANT/APPELLEE WAS ENTITLED TO RELIEF PURSUANT TO CIV.R. 60(B)(1) FROM THE JUDGMENT ENTERED ON OCTOBER 27, 2010 IN FAVOR OF PLAINTIFF/APPELLANT."

I

{¶6}    Appellant claims the trial court erred in granting appellee's motion for relief from judgment pursuant to Civ. R. 60(B)(1) as appellee's failure to answer the complaint did not constitute excusable neglect, and appellee failed to establish that he was not served with the motion for default judgment.  We disagree.

{¶7}    A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion.  *Griffey v. Rajan* (1987), 33 Ohio St.3d 75.  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.  Appellee based its Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect."  Civ.R. 60(B)(1).  In *GTE Automatic Electric Inc. v. ARC Industries,* Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:

{¶8}    "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

{¶9}    In its journal entry filed May 13, 2011, the trial court specifically found appellee's failure to answer the complaint under the facts constituted "mistake, inadvertence, surprise, and/or excusable neglect."  We note there is no bright-line test for excusable neglect.  Such a decision must be made from the facts and circumstances

of each case. Excusable neglect does not cover "a complete disregard for the judicial system" and the rights of the other party. *GTE Automatic,* supra at 153.

{¶10} After the first motion for default judgment was filed on June 28, 2010, with certificate of service to appellee at the address on the complaint, a notice of mediation was filed on July 7, 2010 and was sent to both parties. The notice was issued by Kathy Nicolosi, mediator, and stated the following:

{¶11} "Your case has been referred to me by Judge Howard Hall for mediation. The mediation has been scheduled for **Monday, August 9, 2010 at 9:00 a.m.**

{¶12} "The mediation will be held at the Mediation Department. The office is located in the Walnut Place (**building behind the courthouse**)***."

{¶13} Loc.R. 15 of the Morrow County Court of Common Pleas covers mediation. Civil actions are not stayed by mediation, and all cases may be referred to mediation by the trial court. See, Loc. R. 15.01(B) and 15.00, respectively.

{¶14} By report of mediation filed August 10, 2010, the mediator noted the mediation between the parties was unsuccessful and sent copies to the parties. After the unsuccessful mediation, appellant served appellee with a "Request for Admission and Request for Production of Documents" on August 12, 2010 at the same address used for service of the complaint. On October 14, 2010, appellant filed a supplemental memorandum in support of its motion for default judgment, noting appellee's failure to respond to the discovery requests:

{¶15} "Attached hereto are unanswered Requests for Admission and Production of Documents in support of Plaintiff's Motion for Default Judgment previously filed herein. Plaintiff obtained service of process of the Summons and Complaint.

Thereafter, Plaintiff served Requests for Admission pursuant to Civ. R. 36 and filed Notice of Service of the same with the court. Defendant has not served any denials to those Requests for Admission, and, therefore, the requests are conclusively established and are to be deemed admitted for the purpose of this litigation and this Motion for Default Judgment."

{¶16} We note there is no certificate of service on the supplemental memorandum in support of the motion for default judgment.

{¶17} Appellee admitted he received the complaint or "something like that," he attended the mediation, and spoke with a representative of appellant's on the telephone. T. at 19-20. Appellee stated he did not file an answer or contact an attorney because he participated in the court-referred mediation and he thought that was sufficient. T. at 20-21.

{¶18} Appellee's appearance and admissions at the Civ.R. 60(B) hearing demonstrate that the documents sent to appellee via the address used by the trial court, the mediator, and appellant were received by appellee. However, at the hearing, appellee testified his address was 730 Morrow County Road 80, Fredericktown, Ohio. T. at 14. The service address used was 5730 County Road 80, #803, Fredericktown, Ohio.

{¶19} Civ.R. 5(A) does not require service of a default judgment motion upon a party unless new or additional claims for relief or damages are made. The supplemental memorandum claimed a failure to respond to discovery requests, and cited an additional ground for default pursuant to Civ.R. 37(B)(2)(c).

{¶20} Appellee argues his actions qualify as "otherwise appear or defend." We are unwilling to accept this argument. However, the intervention by the trial court in referring the matter to mediation could cause an unsophisticated litigant to be mistaken. We therefore conclude the trial court did not abuse its discretion in granting the Civ.R. 60(B) motion.

{¶21} As noted supra, the supplemental memorandum did not contain a certificate of service as did the original motion. We can accept appellee's view that service to him was mandated. However, appellee's physical appearance at the hearing without any written response or denial does not require service of the supplemental memorandum.

{¶22} The sole assignment of error is denied.

{¶23} The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Julie A. Edwards_____
JUDGES

SGF/sg 1117

[Cite as *Matrix Acquisitions, L.L.C. v. Pryor*, 2011-Ohio-6470.]

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MATRIX ACQUISITIONS, LLC | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICKYE. PRYOR | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 11-CA-7 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Julie A. Edwards_____
JUDGES